# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Patricia Ann Davis,
Administrator

v.

Ada V. Redman et al.

March 8, 1999

Case No. CL98-374 and CH95-421

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether this detinue action is barred by the doctrine of res judicata because the same parties have been involved in other litigation concerning the same claim.

## *Facts*

In 1995, Mary Washington Hospital filed a bill in chancery (CH95-421) against Patricia Ann Davis, the plaintiff here, individually and as administrator of the estate of her deceased husband, Roy Clarence Davis, Sr., and also against Ada V. Redman, one of the defendants here. The Hospital alleged that Roy, Sr., died owing it $51,428.59 for medical services. It sought judgment against the Estate for that amount. The Hospital also alleged that Patricia Ann Davis had guaranteed payment of the charges and sought judgment against her. In a separate count, the Hospital asked the court to sever the joint tenancy of certain real estate that the parties owned so that the Hospital could recover its claim from the interests of Roy, Sr., and Patricia Ann Davis in that real estate. Finally, the Hospital alleged that certain personal property owned by Roy, Sr., had been appropriated by Patricia Ann Davis and Ada V. Redman and sought to enforce its claim against that property. In the event the property had been sold or damaged, the Hospital sought judgment for its value.

Patricia Ann Davis and Ada V. Redman filed responsive pleadings. The case was referred to a commissioner in chancery.

At the evidentiary hearing scheduled before the commissioner on October 15, 1997, the Hospital, the Estate, and Patricia Ann Davis announced that they had resolved their dispute. The agreement, which was later incorporated in a court order, provided that (1) the Hospital would recover judgment of $51,428.59 against the Estate; (2) the Hospital's claim against Patricia Ann Davis individually would be dismissed, and (3) the joint tenancy in the real estate would be "severed and converted into a tenancy in common."

As for the personal property, the agreement contemplated that the Hospital would step aside and the Estate would pursue the claim against Ada V. Redman for items that she had converted or their value. (Obviously, it was in the mutual best interests of the Hospital and Patricia Ann Davis that items belonging to the Estate, or their value, be recovered from Ada V. Redman and returned to the Estate.) Counsel for Ada V. Redman balked, pointing out that neither Patricia Ann Davis nor the Estate had filed a cross-bill or any other pleading asserting a claim against her. After considerable discussion among counsel and the commissioner, it was agreed that the Estate could file a cross-bill against Ada V. Redman regarding the personal property and that further evidence would be taken by the commissioner. With that understanding, the Commissioner proceeded that day to take testimony of Patricia Ann Davis which would be preserved as evidence on the cross-bill. By agreement, Ada V. Redman reserved her right to present evidence at a later date.

At the conclusion of the hearing, counsel considered whether to continue the hearing to a date certain. After discussion, no hearing date was scheduled. The hearing was adjourned on the assumption that the estate would file a cross-bill, discovery on the issues raised in the cross-bill would be conducted, and then counsel would determine the necessity of another evidentiary hearing before the commissioner.

On November 18, 1997, the court entered an order incorporating the agreement and allowing the Estate ten days to file a cross-bill against Ada V. Redman regarding the personal property.

No cross-bill was ever filed. In fact, nothing more was done until August of 1998 when a fully-endorsed dismissal order was tendered. Before the judge could sign the order, counsel for the Estate informed the court that he had endorsed it "in error." He asked that the order not be entered until he could be heard.

On August 17, 1998, counsel for Ada V. Redman filed a motion asking the court to enter the proposed dismissal order because the Estate did not file a cross-bill within the ten-day period allowed by the order of November 18, 1997.

The next day, August 18, 1998, the Estate filed this action in detinue against Ada V. Redman, seeking recovery of personal property allegedly in the possession of Ada V. Redman. In the alternative, the Estate seeks judgment against Ada V. Redman for conversion of the property in the amount of $26,926.11.

Ada V. Redman responded with grounds of defense that included a plea of res judicata. The Estate filed a motion to strike the plea. A hearing was conducted, the court took the matter under advisement, and counsel submitted memoranda.

## *Decision*

Briefly stated, the doctrine of res judicata postulates that a final judgment on the merits rendered by a court of competent jurisdiction is an absolute bar to further litigation between the same parties upon the same claim or cause of action. Burks, *Pleading and Practice* (4th ed. 1952) § 357. The purpose of the doctrine is to give meaningful finality to judgments by declaring that matters of fact and law once adjudicated between the parties cannot be judicially reconsidered. The prevailing party has a right to a judgment that is final and enforceable. Further, it is in the interest of judicial economy that there be an end to litigation. See Bryson, *Virginia Civil Procedure* (3rd ed. 1997), pp. 478-480; 8B M.J., *Former Adjudication or Res Judicata*, §§ 2 and 3.

The short answer to Ada V. Redman's plea of res judicata in this detinue action is that no final order ever was entered in the Hospital's chancery suit.

When the commissioner's hearing was adjourned on October 25, 1997, everyone obviously assumed that the Estate would file a cross-bill so that, in essence, the Hospital's claim against Ada V. Redman regarding the decedent's personal property could be taken up by the Estate in its own right. But no cross-bill was filed, no dismissal order was presented, and no other action was taken. In August of 1998, when a dismissal order was tendered, counsel for the Estate objected to its entry, asked to be heard, and filed this detinue action.

Ada V. Redman observes that the bar of res judicata precludes relitigation of the same cause of action or any part of it that *could have been litigated* between the parties. Although that observation accurately states the law, it is not applicable here because the Estate's claim against Ada V. Redman could *not* have been litigated in the Hospital's suit, given the posture of that suit. In fact, counsel for Ada V. Redman made that point at the commissioner's hearing, thereby causing counsel to agree that the Estate needed to file a cross-bill against Ada V. Redman.

For these reasons, the plea of res judicata will be overruled.

18

Further, the court declines to enter the dismissal order in # CH95-421 tendered in August of 1998. To give effect to the order of November 18, 1997, the court will allow the late filing of a cross-bill in that suit and will direct that this detinue action be deemed the Estate's cross-bill in that suit. The court will further order that these cases be consolidated and the order of November 18, 1997, referring these issues to the previously-appointed commissioner, remain in force and effect. Because of the age of this dispute, counsel are admonished to move the case forward to conclusion.